# REGISTER OF ACTIONS
## CASE NO. C-0977-15-H

| | |
|---|---|
| Joseph Resurrecccion, Gilbert Gonzalez, Jr. andDiana Gonzalez VS. ASI Lloyds, Joe Lozoya and Juan Ballesteros §§§§§ | **Case Type:** Contract - **Consumer/Commercial/Debt (OCA)** **Subtype:** **Hail Storm 2012 - 370th** **Date Filed:** **03/06/2015** **Location:** **389th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | ASI Lloyds | **JAY SCOTT SIMON** *Retained* 713-403-8210(W) |
| Defendant | Ballesteros, Juan | **JAY SCOTT SIMON** *Retained* 713-403-8210(W) |
| Defendant | Lozoya, Joe | **JAY SCOTT SIMON** *Retained* 713-403-8210(W) |
| Plaintiff | Gonzalez, Diana | **John Saenz** *Retained* 956-467-0111(W) |
| Plaintiff | Gonzalez, Jr., Gilbert | **John Saenz** *Retained* 956-467-0111(W) |
| Plaintiff | Resurrecccion, Joseph | **John Saenz** *Retained* 956-467-0111(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 03/06/2015 | **Original Petition (OCA)** *Plaintiffs' Original Petition and Request for Disclosures* | | |
| 03/09/2015 | **Citation** emailed to: jmcivilservice@hotmail.com | | |
| | ASI Lloyds | Served Returned | 03/13/2015 03/24/2015 |
| | Lozoya, Joe | Served Returned | 03/10/2015 03/16/2015 |
| | Ballesteros, Juan | Unserved | |
| 03/09/2015 | **Service Issued** *CITATION (3)* | | |
| 03/16/2015 | **Service Returned** *Service Complete for Joe Lozoya served 3/10/15* | | |
| 03/24/2015 | **Service Returned** *Service Complete for ASI LLOYDS AGENT: RODNEY D. BUCKER SERVED 3/13/15* | | |
| 04/03/2015 | **Answer** *Answer/Response* | | |
| 06/05/2015 | **Tickler** (6:00 PM) (Judicial Officer Lopez, Letty) | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** ASI Lloyds | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 04/13/2015** | | | **0.00** |
| 04/08/2015 | Transaction Assessment | | | 2.00 |
| 04/08/2015 | EFile Payments from TexFile | Receipt # DC-2015-25775 | ASI Lloyds | (2.00) |

# EXHIBIT B

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Resurrecccion, Joseph<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 04/13/2015** | | | 292.00<br>292.00<br>**0.00** |
| 03/06/2015 | Transaction Assessment | | | 288.00 |
| 03/06/2015 | EFile Payments from<br>TexFile | Receipt # DC-2015-17726 | Resurrecccion, Joseph | (288.00) |
| 03/17/2015 | Transaction Assessment | | | 2.00 |
| 03/17/2015 | EFile Payments from<br>TexFile | Receipt # DC-2015-20580 | Resurrecccion, Joseph | (2.00) |
| 03/25/2015 | Transaction Assessment | | | 2.00 |
| 03/25/2015 | EFile Payments from<br>TexFile | Receipt # DC-2015-22933 | Resurrecccion, Joseph | (2.00) |

C-0977-15-H
389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**JOE LOZOYA**
**722 MORGAN BLVD., STE. M**
**HARLINGEN, TEXAS 78550**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of March, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-0977-15-H, **JOSEPH RESURRECCCION AND GILBERT GONZALEZ, JR. AND DIANA GONZALEZ VS. ASI LLOYDS, JOE LOZOYA AND JUAN BALLESTEROS**

Said Petition was filed in said court by JOHN SAENZ
805 DALLAS AVE. MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 9th day of March, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**CLAUDIA I. RODRIGUEZ, DEPUTY CLERK**

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. ___**C-0977-15-H**___

| | | |
|---|---|---|
| JOSEPH RESURRECCION and | § | IN THE DISTRICT COURT |
| GILBERT GONZALEZ JR. AND | § | |
| DIANA GONZALEZ | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS, JOE LOZOYA, and | § | |
| JUAN BALLESTEROS | § | |
| *Defendants* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFFS, JOSEPH RESURRECCION and GILBERT GONZALEZ, JR. AND DIANA GONZALEZ, (hereinafter referred to as "PLAINTIFFS"), and files their Original Petition against DEFENDANTS, ASI LLOYDS, JOE LOZOYA and JUAN BALLESTEROS for cause of action would respectfully show the Court the following:

### I. Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 2.

### II.

Defendant, ASI LLOYDS is an insurance company residing in the state of Texas

1

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

and may be cited with process Certified Mail Return Receipt Requested at its principal place of business at: Rodney D. Bucker, 700 North Pearl St., 25th Floor, Dallas, Texas 75201-2825.

Defendant, JOE LOZOYA is an insurance adjuster company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at his principal place of business: 722 Morgan Blvd., Ste. M, Harlingen, Texas 78550.

Defendant, JUAN BALLESTEROS is an insurance adjuster residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at her principal place of business: 77 Santa Isabel D 5, Laguna Vista, Texas 78578.

ASI LLOYDS, JOE LOZOYA and JUAN BALLESTEROS are in the business of insurance in the State of Texas. The insurance business done by ASI LLOYDS, JOE LOZOYA, and JUAN BALLESTEROS in Texas includes, but is not limited to the following:

1.    The making and issuing of contracts of insurance with the PLAINTIFFS;

2.    The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;

3.    The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4.    The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS.

2

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0977-15-H

5.    The adjusting and inspection of PLAINTFFS' insurance claims;

6.    Making insurance coverage decisions;

7.    Taking part in making insurance coverage decisions; and

8.    Making representations to PLAINTIFFS as being an agent for an insurance
company with authority to make coverage decisions.

PLAINTFFS are consumer(s) of DEFENDANTS, in that PLAINTIFFS purchased
insurance from said entity and/or service to be provided by it. Each Defendant is an
individual corporation, association, partnership, or other legal entity engaged in the
business of insurance. Such Defendants constitute persons as that term is defined in
Chapter 541.002 of the Texas Insurance Code.

## III. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at
issue were issued and delivered in HIDALGO County, Texas; the properties insured are
situated in HIDALGO County, Texas; PLAINTIFFS' losses occurred in HIDALGO
County, Texas, and all or part of the events made the basis of this lawsuit and giving rise
to PLAINTIFFS' claim and causes of action occurred in HIDALGO County, Texas.

## IV. Facts

ASI LLOYDS, JOE LOZOYA, and JUAN BALLESTEROS and/or its agents
committed the actions alleged against PLAINTIFFS in this complaint. PLAINTIFFS own
the property located at: (**Joseph Resurreccion:** 813 Fairway Dr., Mission, Texas 78572;
Policy No. TXL167764); (**Gilbert Gonzalez, Jr. and Diana Gonzalez:** 310 Via Sol Dr.,
Edinburg, Texas 78541; Policy No. TXL2866242). ASI LLOYDS provided insurance

3

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

coverage to the PLAINTIFFS for such dwelling, and personal property, as described above. During the term of said policy, PLAINTIFFS sustained covered losses in the form of windstorm, hailstorm, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFFS promptly reported losses to ASI LLOYDS  pursuant to the terms of the insurance policy. As a result, PLAINTIFFS' property sustained damage, including the cost of destruction and restoration of the properties necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS' insurance policy with ASI LLOYDS.  PLAINTIFFS has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of ASI LLOYDS, JOE LOZOYA, and JUAN BALLESTEROS' conduct. As a proximate result of Defendants, ASI LLOYDS, JOE LOZOYA, and JUAN BALLESTEROS' tortuous conduct, PLAINTIFFS has been damaged.

### V.  Agency and Respondent Superior

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendants or done in normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### VI. Conditions Precedent

All notices and proofs of loss were timely and properly given ASI LLOYDS, JOE LOZOYA, and JUAN BALLESTEROS in such manner as to fully comply with the terms

4

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0977-15-H

and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to ASI LLOYDS . All of the conditions precedent to bring this suit under the insurance policies have occurred. Despite the fact that all conditions precedent to PLAINTIFFS' recovery has occurred and/ or has been performed, ASI LLOYDS  has failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

VII.    Breach of Contract-ASI LLOYDS

PLAINTIFFS purchased an insurance policy with ASI LLOYDS. PLAINTIFS' properties were damaged by windstorm, hailstorm, and water damage, of which are under the insurance policy. ASI LLOYDS has denied and/or delayed payment of PLAINTIFFS' covered claim. ASI LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. ASI LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims.  The conduct of ASI LLOYDS was irresponsible, and unconscionable. ASI LLOYDS took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. ASI LLOYDS has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of ASI LLOYDS has proximately caused the injuries and damages to the PLAINTIFFS. As a proximate result of Defendant, ASI LLOYDS, JOE LOZOYA, and JUAN BALLESTEROS' conduct, PLAINTIFFS have been damaged.

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

VIII.    Second Cause of Action: DTPA Violations-ASI LLOYDS

PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, ASI LLOYDS has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFFS' damages:

(a)    ASI LLOYDS made false representations about PLAINTIFFS' rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    ASI LLOYDS actions constitute an unconscionable course of conduct entitling PLAINTIFFS' to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    ASI LLOYDS failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by ASI LLOYDS at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)    As described above, ASI LLOYDS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

ASI LLOYDS took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policies, and failed to disclose pertinent information regarding damages to the

6

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0977-15-H

PLAINTIFFS' property. ASI LLOYDS' conduct as described herein was a producing

cause of damages to PLAINTIFFS for which they sue. The conduct ASI LLOYDS was

more than just a mistake and was done "knowingly" and/or "intentionally" as that term is

derived by statue. Because of that, ASI LLOYDS may be subject to liability for

additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seeks

an award of additional damages under the DTPA in an amount not to exceed three times

the amount of economic damages. As a proximate result of Defendant, ASI LLOYDS

conduct, PLAINTIFFS has been damaged.

## IX.     Unfair Insurance Practices-ASI LLOYDS

ASI LLOYDS failed to inform PLAINTIFFS of material facts such as the true

scope of damage and cost to repair. ASI LLOYDS failed to properly process claims and

have misrepresented material facts to the PLAINTIFFS. ASI LLOYDS has failed to

address all damage to the properties and its contents causing further damage to the

PLAINTIFFS. Further, ASI LLOYDS has intentionally failed to fully investigate the

loss; failed to properly convey all information to PLAINTIFFS; and has intentionally

ignored damages to the dwellings.   PLAINTIFFS' properties suffered from covered

losses and damages of which ASI LLOYDS are fully aware ASI LLOYDS has concealed

damage known by them to exist. ASI LLOYDS has known about covered windstorm,

hailstorm and water damages but have failed to perform proper testing and concealed

facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' pleas for help. ASI

LLOYDS has failed to warn PLAINTIFFS of consequential damage to their properties.

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

By its conduct outlined above, ASI LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. ASI LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    ASI LLOYDS  failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)    ASI LLOYDS  failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)    ASI LLOYDS  refused to pay a claim without conducting a reasonable investigation with respect to the claims (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)    ASI LLOYDS  breached its duty of good faith and fair dealing at common law;

(5)    ASI LLOYDS  failed within a reasonable time to affirm or deny coverage of a claim to a policyholders (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)    ASI LLOYDS  failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurers policy (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

(7)    ASI LLOYDS compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholders (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)    ASI LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)    ASI LLOYDS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)  ASI LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

       (i)    the terms of the policy; and/or

      (ii)    the benefits or advantages promised by the policy.

(11)  ASI LLOYDS made an untrue statement of material facts (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(12)  ASI LLOYDS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(13)  ASI LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

9

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

(14)   Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(15)   Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

ASI LLOYDS' conduct as described herein was a producing cause of damages to PLAINTIFFS for which they sue. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFFS are entitled to recover an award not to exceed three times the amount of actual damages due to ASI LLOYDS' knowing conduct.

X.   Breach of the Duty of Good Faith and Fair Dealing-ASI LLOYDS

From and after the time the PLAINTIFFS' claims were presented to ASI LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claims ASI LLOYDS refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, ASI LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. ASI LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying valid claims. This constitutes failing to handle or process

10

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

PLAINTFFS' claims in good faith, an affirmative duty placed on the Defendants, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, ASI LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFFS. ASI LLOYDS breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

XI.     Texas Insurance Code 542, Subchapter B Delay in Payment-ASI LLOYDS

PLAINTIFFS gave prompt notice of claims to ASI LLOYDS. ASI LLOYDS has engaged in unfair settlement claims practices as discussed above and denied and/or have delayed payment on PLAINTIFFS' claims. ASI LLOYDS reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. ASI LLOYDS' investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFFS alleges that ASI LLOYDS has overused JOE LOZOYA and JUAN BALLESTEROS and disputes the reliability of their investigative findings. ASI LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

(a)     Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)     Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

11

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

(c)     Failing to request all of the items, statements and forms the Defendant

reasonably believed at the time would be required from PLAINTIFFS to

pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are

entitled to recover from ASI LLOYDS  the statutory penalty of 18% per annum on all

amounts due on PLAINTIFFS' claim, together with attorney's fees, for which he sues.

XII.    Allegations Against JOE LOZOYA as to PLAINTIFF JOSEPH
RESURRECCION

PLAINTIFF, JOSEPH RESURRECCION is a consumer entitled to relief under

the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its

conduct outlined above, JOE LOZOYA has engaged in the following violations of the

DTPA which, together and separately, have been a producing cause of PLAINTIFF'S,

JOSEPH RESURRECCION damages:

(a)     JOE LOZOYA made false representations about PLAINTIFF'S, JOSEPH

RESURRECCION rights, remedies and obligations under the policy at issue.

These statements were a misrepresentation of the insurance policy and their

benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business &

Commerce Code;

(b)     JOE LOZOYA actions constitute an unconscionable course of conduct entitling

PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business

& Commerce Code;

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

(c) As described above, JOE LOZOYA violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF, JOSEPH RESURRECCION to relief under section 17.50(a)(4), Texas Business and Commerce Code.

JOE LOZOYA took advantage of PLAINTIF'S, JOSEPH RESURRECCION lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policies, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S, JOSEPH RESURRECCION property JOE LOZOYA conduct as described herein was a producing cause of damages to PLAINTIFF, JOSEPH RESURRECCCION for which he sues. The conduct of the JOE LOZOYA was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, JOE LOZOYA may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF, JOSEPH RESURRECCION seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

JOE LOZOYA failed to inform PLAINTIFF, JOESPH RESURRECCION of material facts such as the true scope of damage and cost to repair. JOE LOZOYA failed to properly process claims and have misrepresented material facts to the PLAINTIFF, JOSEPH RESURRECCION. JOE LOZOYA has failed to address all damage to the properties and its contents causing further damage to the PLAINTIFF, JOSEPH RESURRECCION. Further, JOE LOZOYA has intentionally failed to fully investigate the loss; failed to properly convey all information to the PLAINTIFF, JOSEPH RESURRECCION; and has intentionally ignored damages to the dwellings. PLAINTIFF'S, JOSEPH RESURRECCION property suffered from covered losses and

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

damages of which JOE LOZOYA. is fully aware. JOE LOZOYA has concealed damage known by them to exist. JOE LOZOYA has known about covered windstorm, hailstorm and water damages but have failed to perform proper testing and concealed facts from PLAINTIFF, JOSEPH RESURRECCION about the damages, ignoring PLAINTIFF'S, JOSEPH RESURRECCION pleas for help. JOE LOZOYA has failed to warn PLAINTIFF, JOSEPH RESURRECCION of consequential damage to his property.

By its conduct outlined above, JOE LOZOYA committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. JOE LOZOYA committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

    (1)    JOE LOZOYA made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)    the terms of the policy; and/or

        (ii)    the benefits or advantages promised by the policy.

    (b)    JOE LOZOYA made an untrue statement of material facts as to the extent of PLAINTIFF'S, JOSEPH RESURRECCION damages. JOE LOZOYA in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFF'S, JOSEPH RESURRECCION insurance policy. (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

(c)     JOE LOZOYA failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d)     JOE LOZOYA made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

JOE LOZOYA'S conduct as described herein was a producing cause of damages to PLAINTIFF, JOSEPH RESURRECCION for which he sues. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFF, JOSEPH RESURRECCION is entitled to recover an award not to exceed three times the amount of actual damages due to JOE LOZOYA'S knowing conduct.

XIII.   Allegations Against JUAN BALLESTEROS, as to PLAINTIFFS, GILBERT GONZALEZ, JR., AND DIANA GONZALEZ

PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, JUAN BALLESTEROS has engaged in the following violations of the DTPA which, together and separately, have

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

been a producing cause of PLAINTIFFS', GILBERT GONZALEZ, JR AND DIANA

GONZALEZ damages:

(a)     JUAN BALLESTEROS made false representations about PLAINTIFFS',
        GILBERT GONZALEZ, JR. AND DIANA GONZALEZ rights, remedies and
        obligations under the policy at issue. These statements were a misrepresentation
        of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12)
        and (14), Texas Business & Commerce Code;

(b)     JUAN BALLESTEROS actions constitute an unconscionable course of conduct
        entitling PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ
        to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce
        Code;

(c)     As described above, JUAN BALLESTEROS Chapter 541, Texas Insurance Code,
        entitling PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ
        to relief under section 17.50(a)(4), Texas Business and Commerce Code.

        JUAN BALLESTEROS took advantage of PLAINTIFS', GILBERT

GONZALEZ, JR. AND DIANA GONZALEZ, lack of knowledge in construction and

insurance claims processes, misrepresented losses covered under the insurance policies,

and failed to disclose pertinent information regarding damages to the PLAINTIFFS',

GILBERT GONZALEZ, JR. AND DIANA GONZALEZ property.     JUAN

BALLESTEROS conduct as described herein was a producing cause of damages to

PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ for which they

sue. The conduct of the JUAN BALLESTEROS was more than just a mistake and was

done "knowingly" and/or "intentionally" as that term is derived by statue. Because of

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

that, JUAN BALLESTEROS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

JUAN BALLESTEROS failed to inform PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEDZ of material facts such as the true scope of damage and cost to repair. JUAN BALLESTEROS failed to properly process claims and have misrepresented material facts to the PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ. JUAN BALLESTEROS has failed to address all damage to the properties and its contents causing further damage to the PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ. Further, JUAN BALLESTEROS has intentionally failed to fully investigate the loss; failed to properly convey all information to the PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ; and has intentionally ignored damages to the dwellings. PLAINTIFFS', GILBERT GONZALEZ, JR. AND DIANA GONZALEZ property suffered from covered losses and damages of JUAN BALLESTEROS is fully aware. JUAN BALLESTEROS has concealed damage known by them to exist. JUAN BALLESTEROS has known about covered windstorm, hailstorm and water damages but have failed to perform proper testing and concealed facts from PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ about the damages, ignoring PLAINTIFFS', GILBERT GONZALES, JR. AND DIANA GONZALEZ pleas for help. JUAN BALLESTEROS has failed to warn PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ of consequential damage to his property.

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0977-15-H

By its conduct outlined above, JUAN BALLESTEROS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. JUAN BALLESTEROS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) JUAN BALLESTEROS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i) the terms of the policy; and/or

(ii) the benefits or advantages promised by the policy.

(b) JUAN BALLESTEROS made an untrue statement of material facts as to the extent of PLAINTIFFS', GILBERT GONZALEZ, JR. AND DIANA GONZALEZ damages. JUAN BALLESTEROS in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFFS', GILBERT GONZALEZ, JR. AND DIANA GONZALEZ insurance policy. (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c) JUAN BALLESTEROS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d) JUAN BALLESTEROS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

18

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

(e)      Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f)      Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

JUAN BALLESTEROS' conduct as described herein was a producing cause of damages to PLAINTIFFS, GILBERT GONZALEZ, JR AND DIANA GONZALEZ for which they sue. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ are entitled to recover an award not to exceed three times the amount of actual damages due to JUAN BALLESTEROS' knowing conduct.

## XIV.   Conspiracy and Fraud

In addition, PLAINTIFFS alleges that ASI LLOYDS, JOE LOZOYA and JUAN BALLESTEROS have engaged in a concerted effort, and/or conspiracy to defraud PLAINTIFF of payment due under the insurance policy. ASI LLOYDS  failed to properly process the PLAINTIFFS' claim, failed to address all damage to the home and its contents, intentionally failed to fully investigate PLAINTIFFS' losses, failed to properly convey all information to PLAINTIFFS, concealed damages known to exist, failed to properly perform testing, failed to warn PLAINTIFFS of consequential damages to the home, took advantage of PLAINTIFFS' lack of knowledge in construction, repairs, and insurance claims processing, denied, delayed and/or assisted in the denial or delay for

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0977-15-H

payment of covered insurance claims, misrepresented and/or assistance in the misrepresentation of insurance policy terms; and misrepresented and/ or assisted in the misrepresentation of the amount and extent of damages to PLAINTIFFS' home.

JOE LOZOYA has acted to misrepresent to PLAINTIFF, JOSEPH RESURRECCION the extent of damages to PLAINTIFF'S, JOSEPH RESURRECCION property along with said actions above, knowing them to be false or making them recklessly without regard to whether it is true or false, intending PLAINTIFFS to rely on such misrepresentations to PLAINTIFF'S, JOSEPH RESURRECCION damage and denial/delay of insurance claim payments, intentionally failed to fully investigate PLAINTIFF'S, JOSEPH RESURRECCION losses including but not limited to the roof, siding, and exterior walls, failed to properly perform testing to PLAINTIFF'S, JOSEPH RESURRECCION structure, and misrepresented terms of the insurance policy and coverage related to windstorm, hailstorm, and water damage under the insurance policy.

JUAN BALLESTEROS has acted to misrepresent to PLAINTIFFS, GILBERT GONZALEZ, JR. AND DIANA GONZALEZ the extent of damages to PLAINTIFFS', GILBERT GONZALEZ, JR. AND DIANA GONZALEZ property along with said actions above, knowing them to be false or making them recklessly without regard to whether it is true or false, intending PLAINTIFFS, GILBERT GONALEZ, JR. AND DIANA GONZALEZ to rely on such misrepresentations to PLAINTIFFS', GILBERT GONZALEZ, JR. AND DIANA GONZALEZ damage and denial/delay of insurance claim payments, intentionally failed to fully investigate PLAINTIFFS', GILBERT GONZALEZ, JR. AND DIANA GONZALEZ losses including but not limited to the roof, siding, and exterior walls, failed to properly perform testing to PLAINTIFFS',

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0977-15-H

GILBERT GONZALEZ, JR. AND DIANA GONZALEZ structure, and misrepresented terms of the insurance policy and coverage related to windstorm, hailstorm, and water damage under the insurance policy.

## XV.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS has substantially complied and/or is excused. In the alternative, PLAINTIFFS makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by ASI LLOYDS, JOE LOZOYA and JUAN BALLESTEROS as to any exclusion, condition, or defense pled by ASI LLOYDS , PLAINTIFFS would show that:

1.  The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.  Any other construction and its use by ASI LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policies;

3.  Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.  Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.  The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFS' predecessor policy

21

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

with ASI LLOYDS. In this regard, PLAINTIFFS would show that his insurance policy was renewed uninterrupted for many years; and

6.     The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, ASI LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policies coverage at issue. To the extent that the wording of such policies does not reflect the true intent of all parties thereto, PLAINTIFFS pleads the doctrine of mutual mistake requiring reformation.

## XVI.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PLAINTIFFS herein requests a jury trial and along with the filing of the Original Petition have tendered to the Clerk of the Court the statutory jury fee.

## XVII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment

Electronically Filed
3/6/2015 9:54:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0977-15-H**

interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

### XVIII. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that ASI LLOYDS, JOE LOZOYA and JUAN BALLESTEROS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

JOHN SAENZ & ASSOCIATES, P.C.
805 Dallas Ave.
McAllen, Texas 78501
Telephone: (956) 467-0111
Facsimile: (956) 467-4217

JOHN SAENZ
State Bar# 24038046
ATTORNEY FOR PLAINTIFFS

23

Electronically Filed
4/3/2015 3:57:03 PM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

<center>

**CAUSE NO. C-0977-15-H**

</center>

| | | |
|---|---|---|
| JOSEPH RESURRECCION AND GILBERT GONZALEZ JR. AND DIANA GONZALEZ, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS, JOE LOZOYA, AND JUAN BALLESTEROS, | § § § | |
| *Defendants.* | § | HIDALGO COUNTY, TEXAS |

<center>

**DEFENDANTS ASI LLOYDS, JOE LOZOYA AND JUAN
BALLESTEROS' ORIGINAL ANSWER AND SPECIAL EXCEPTIONS**

</center>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants ASI LLOYDS, JOE LOZOYA AND JUAN BALLESTEROS and file this, their Original Answer and Special Exceptions, and would respectfully show unto the Court the following:

<center>

**I.
ORIGINAL ANSWER**

</center>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

<center>

**II.
APPRAISAL**

</center>

Pleading further, nothing contained in this Answer should be construed as a waiver to Defendant ASI Lloyds' contractual right to appraisal. When Defendant ASI Lloyds is better able to determine Plaintiffs' contentions with respect to contractual damages, Defendant ASI Lloyds may request that this case be abated and that any differences in damages be determined through the contractual right to appraisal contained in the policy of insurance at issue.

2183790
04098.555

Electronically Filed
4/3/2015 3:59:03 PM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

## III.

## SPECIAL EXCEPTION

Defendants specially except to Plaintiffs' failure to specify a maximum amount of damages claimed as required by Tex. Rules of Civ. Procedure 47, 169.

## IV.
## DEMAND FOR JURY TRIAL

Defendants herein make demand for a jury trial in this case, and will tender the applicable fees thereon.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendants, and Defendants go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

_/s/ Jay Scott Simon_
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
Lauren E. Figaro
State Bar No. 24087510
lfigaro@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**

2183790
04098.555

Electronically Filed
4/3/2015 3:57:03 PM
Hidalgo County District Clerks
Reviewed By: Alfonso Fuentes

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of April, 2015, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

John Saenz
JOHN SAENZ & ASSOCIATES, P.C.
805 Dallas Avenue
McAllen, Texas 78501


_/s/ Jay Scott Simon_
Jay Scott Simon

2183790
04098.555